DEERE et al. v. ARNOLD.

(Circuit Court, N. D. New York. January 3, 1899.)

No. 6,357.

PATENTS—HARROWS.

The Barley patent, No. 256,619, for improvements in harrows, construed as to the fifth claim, which relates to a method of fastening the harrow teeth to a double-flanged beam in such a manner that they can be adjusted either vertically or at any desired inclination to the beam, and such claim *held* valid and infringed.

This was a suit in equity by Deere & Co. against O. M. Arnold for alleged-infringement of a patent for improvements in harrows. Final hearing.

John R. Bennett, for complainants.

J. H. Whitaker and G. A. Prevost, for defendant.

COXE, District Judge. This suit is founded upon letters patent, No. 256,619, granted to James H. Barley, April 19, 1882, for improvements in harrows. The invention, so far as it is in issue in the present controversy, relates to a new and improved method of fastening the harrow teeth to a double-flanged beam "in such a manner that they can be adjusted to stand vertically to the side of the beam, or at any desired inclination thereto." The fifth claim only is involved. It is as follows:

"In a harrow, the combination of a tooth-holder with the double-flanged beam, the plate being clamped thereto and inserted between the flanges of the beam which holds the plate and tooth in position, substantially as and for the purpose shown and described."

The defenses are defective title, lack of invention and noninfringement, if the claim be construed as the defendant contends it should be.

The elements of the fifth claim are as follows: In a harrow: First. A tooth-holder. Second. A double-flanged beam. Third. The plate of the holder clamped to the beam between its flanges. Fourth. A tooth held in position by the holder against the edges of the beam.

The construction of the holder will be made plain by the following diagrams:

Some time after the date of the patent the complainant issued an advertising circular on which appeared a diagram of the structure of the fifth claim, as well as diagrams of all its separate elements, as the complainant understood the invention and construed the claim. The defendant's structure is a servile imitation of these diagrams, but he insists that the claim cannot be interpreted to cover such

a structure. Unquestionably "one of the special features of the invention is so to connect these teeth to the sides of the beams that they can be used in two or more different positions.". This adjustability is secured by making the blocks or plates polygonal in shape, the diagonally opposite corners being chamfered off to admit of the limited movement described. The defendant's tooth has no lateral movement, but stands vertically, precisely like the tooth shown in complainant's circular. The sole question upon this branch of the case is whether the fifth claim covers a structure where the corners of the plate are not beveled off and where the tooth can only have a vertical position, except as it acquires an inclined position by the oscillating of the bars. There can be no doubt that the specification refers to such a structure and that the fifth claim covers it, unless the claim is to be limited to polygonal blocks, in which event there is no patentable distinction between it and the fourth claim. The question may be stated still more succinctly as follows: Can one who drives V-shaped wedges into the spaces between the flange and the blocks of the fourth claim, so that the blocks will not turn, escape infringement? It is thought that the fallacy of the defendant's position lies in the assumption that many of the general features of the patent, which are described in the first branch of the invention and which are covered specifically by the other claims, must be imported into the fifth claim. The court is unable to see why the claim may not be construed to cover the novel device for attaching, rigidly, a spiketooth to a U-shaped harrow bar. If so construed there can be no serious dispute as to infringement. It surely cannot be maintained that the shape of the tooth, the width of the bar or the length of the flanges are of the essence of the invention. Of course the fact that the defendant's harrow has a pivoted tooth bar instead of pivoted teeth and the fact that the bars are set at different angles to the line of draft, are immaterial in view of the suggested construction. Let it be assumed that a harrow maker takes the bars of the patent with teeth attached, precisely as shown in Fig. 2 of the drawings, except that the teeth are vertical, and the nut is screwed up so that the teeth are held rigidly against the flanges. These bars—the identical structures described in the Barley patent—are then assembled to form a lever harrow and are set at right angles to the line of draft. Can it be maintained that one who thus appropriates the exact device of the claim can escape infringement simply because he uses it in slightly differing environments? It is thought not. And yet this is precisely what the defendant has done except that his block is rectangular instead of polygonal. He might have used the latter form as well. With the bars at right angles to the line of draft the chamfered corners of the block perform no function whatever. By omitting a wholly useless function it is contended that he is able to avoid infringement. If the position be correct that the plate of the claim must be polygonal, it leads to the absurdity that the tooth and fastener now used by the defendant do not infringe, while the tooth next to it on the same bar, and which is similar in every respect, except that the diagonally opposite corners are cut away, does infringe, although the two perform the identical function in the identical way. To hold this will be to reward infringers for their ingenuity.

At the close of defendant's brief the proposition is advanced that the claim is void for want of patentability. The invention is certainly a simple one, but the record establishes beyond a doubt that the patented holder is one of the most effective and durable devices known in the art for holding a harrow tooth in position. The art abounds in similar contrivances all of them free to any one who wishes to use them, and yet the tenacity with which the defendant clings to the patented device, in the face of litigation, is of itself a persuasive tribute to the value of the invention. The complainant is entitled to the usual decree.